(No. 2244— )

FRIED & BELL PAPER CO., A CORPORATION, Claimant, vs. STATE OF ILLINOIS, Respondent.

*Opinion filed June 30, 1937.*

MORRIS A. HAFT, for claimant.

OTTO KERNER, Attorney General; MURRAY F. MILNE, Assistant Attorney General, for respondent.

MR. CHIEF JUSTICE HOLLERICH delivered the opinion of the court:

From the stipulation of facts herein it appears that the claimant corporation was organized under the laws of this State on October 3d, 1925; that its authorized capital stock consisted of 750 shares of common stock of the par value of $100.00 per share; that the issued stock of the company at no time exceeded $55,900.00; that the articles of incorporation set forth that the amount of capital stock actually paid in was $60,000.00; that all of claimant's business has been located in the State of Illinois; that during the month of February in each of the years 1929, 1930 and 1931, claimant filed with the Secretary of State its annual report as required by law, in which it failed to set forth in the space provided therefor, or elsewhere therein, the amount of its issued capital stock; that on February 22, 1932, claimant filed with the Secretary of State its annual report in which it set forth the total amount of its issued capital stock at the sum of $55,900.00 and further stated in such report that it elected to pay its franchise tax on the basis of its entire issued capital stock; that in each of the years from 1929 to 1932, inclusive, the claimant was assessed and paid a franchise tax in the amount of $37.50, based upon its total authorized capital stock of $75,000.00; and that none of such payments was made under protest.

Claimant contends that in each of such years its franchise tax should have been based upon the total amount of its issued capital stock, to wit, $55,900.00, and that the amount of the franchise tax which should have been assessed against it in each of such years was $27.95, and asks for a refund of the amount so overpaid by it as aforesaid.

The Attorney General contends that claimant is not entitled to an award for any over-payments made by it, for the reason that payment of the tax assessed against it in each year was made voluntarily and with a full knowledge of the facts, and therefore cannot be recovered. Several other contentions are made by the Attorney General, but in the view we take of the case, it will not be necessary to consider them.

This claim having arisen prior to the adoption of The Business Corporation Act, claimant's rights must be determined by the terms and provisions of The General Corpora-

tion Act of this State, approved June 12th, 1919, in force July 1st, 1919, as amended.

Section 112 of such Act provides that between the 1st day of February, and the 15th day of June of each year, the Secretary of State shall mail a notice in writing to each corporation against which a tax is assessed, notifying such corporation of the amount of the tax assessed against it, and that objections, if any, to such assessment will be heard by the officer making such assessment, upon request by the corporation on a date not later than the 25th day of June, etc.

Section 111 of the same Act provides that the Secretary of State shall have power to hear and determine objections within the time specified in the Act, and after hearing, to change or modify any assessment.

Substantially the same provisions are incorporated in the present Business Corporation Act.

There is nothing in the record to indicate that the claimant made any objection to the tax assessed against it, or that it requested a hearing thereon.

In the case of *Butler Co.* vs. *State*, No. 2500, decided at the present term of this court, after a comprehensive review of the authorities, we held in effect, as follows:

1. Where an illegal or excessive tax is paid voluntarily and with the full knowledge of all the facts, it cannot be recovered.

2. Where such tax is paid under a mistake of fact, it is considered as having been involuntarily paid, and may be recovered.

3. Where such tax is paid under a mistake of law, it may not be recovered.

4. Where a franchise tax is erroneously assessed and no objection is made thereto, and no request is made for a hearing thereon in accordance with the statute, and the tax is paid, such payment constituted a voluntary payment within the legal meaning of those words.

In that case the court, in conclusion, said:

"From the record in this case it appears that claimant made no objection to the tax assessed against it and made no request for a hearing thereon, in accordance with the statute; also that the tax in question was paid without protest, and with a full knowledge of all the facts. Under the decisions

of our courts, such payment constituted a voluntary payment within the legal meaning of those words, and therefore the claimant is not entitled to have the same refunded."

What we said in the Butler Company case applies with special force to the facts in this case.

Furthermore, in the case of *Western Dairy Co.* vs. *State,* No. 2916, also decided at the present term of this court, we held that where an illegal or excessive tax is imposed by reason of the negligence or inadvertence of the taxpayer, and thereafter paid by him, such payment is not made under a mistake of fact and cannot be recovered.

The rule laid down in the Butler Company case and the Western Dairy Co. case was thereafter approved in the case of *Stotlar-Herrin Lumber Co.* vs. *State,* No. 2990, and is decisive of this case.

Award denied. Case dismissed.